[815 NYS2d 663]

In the Matter of EDWARD KATZ (Admitted as EDWARD CHARLES KATZ), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 16, 2006

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petition dated June 2, 2005, contains two charges of professional misconduct. After a preliminary conference on July 7, 2005, and a hearing on August 17, 2005, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted a response to the motion.

Charge One alleges that the respondent has been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (a) (3) and/or (5) (22 NYCRR 1200.3 [a] [3], [5]). On or about April 8, 2004, the respondent was charged in the County Court, Nassau County, under superior court information No. 797/04, with the crimes of falsifying business records in the first degree (Penal Law § 175.10), a class E felony, and criminal facilitation in the fourth degree (Penal Law § 115.00 [1]), a class A misdemeanor. He pleaded guilty before County Court Judge Jerald S. Carter to the second count and was sentenced on June 17, 2004, to a conditional discharge after paying a forfeiture penalty of $10,000.

Charge Two alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by virtue of the foregoing.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges.

The respondent stands convicted of a serious crime within the purview of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). By knowingly and intentionally providing his client with the means to defraud a school district and by engaging in such conduct for a period of approximately 15 months, the respon-

dent engaged in conduct adversely reflecting upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Accordingly, the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee took note of the respondent's sincere remorse and his reputation for honesty and truthfulness. There is no report of any prior discipline ever imposed on the respondent.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period two years, with credit afforded him for the time already elapsed under the interim suspension imposed by the decision and order on motion dated May 9, 2005, as amended by the decision and order on motion dated June 29, 2005.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Edward Katz, admitted as Edward Charles Katz, is suspended from the practice of law for a period of two years, commencing immediately, with credit for the time already elapsed under the interim suspension imposed by the decision and order on motion of this Court dated May 9, 2005, as amended by the decision and order on motion of this Court dated June 29, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this decision and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward Katz, admitted as Edward Charles Katz, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before

any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward Katz, admitted as Edward Charles Katz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).